IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

```
BEAUFORD WILMER WINTERS,       )
                               )
              Plaintiff,       )        4:13CV3135
                               )
       v.                      )
                               )
BAKER, Sgt. (of the Tecumseh   )        MEMORANDUM AND ORDER
State Correctional             )
Institution), BALLUE, Cpl,     )
SANFORD, Cpl., and HERREA, &   )
Cpl. (of the Tecumseh Stat     )
Correctional Institution),     )
                               )
              Defendants.      )
                               )
```

Plaintiff filed his complaint in this matter on July 22, 2013 (Filing No. 1). Also pending is plaintiff's motion for authorization (Filing No. 7) and motion for copies (Filing No. 9). The Court now conducts an initial review of the complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his complaint on July 22, 2013, against four Tecumseh State Correctional Institution ("TSCI") employees (Filing No. 1). Plaintiff does not specify whether he sues these employees in their official or individual capacities. (Id.) Plaintiff is currently confined at TSCI in Tecumseh, Nebraska. (Id. at CM/ECF pp. 1-2; see also Docket Sheet.)

Liberally construed, plaintiff's claims stem from a use of force that occurred after Defendant "Baker" and plaintiff had a dispute about whether plaintiff could control the light in his cell (Filing No. 1 at CM/ECF p. 38). During lunch, plaintiff extended his hand through his cell hatch and Baker refused to provide plaintiff with a "meal tray." (*Id*. at CM/ECF p. 5.) Plaintiff stated he would not remove his arm from the hatch until Baker returned control of plaintiff's cell light to plaintiff. (*Id*. at CM/ECF p. 5, 38-39.) Baker finished serving lunch to other inmates then returned to plaintiff's cell with three other TSCI staff members; plaintiff's arm was still extended through the hatch. (*Id*.) Defendants twisted his arm and used "chemical agents" on plaintiff without proper "authorization" or "observation." (*Id*.) As a result of the use of force, plaintiff sustained "moderate elbow damage." (*Id*.)

Plaintiff seeks monetary damages in the amount of $150,000.00. (*Id*. at CM/ECF p. 6.) Plaintiff also seeks injunctive relief in the form of a court order that protects him from Baker or that directs TSCI to terminate Baker. (*Id*.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine

whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

**III. DISCUSSION OF CLAIMS**

    *A.   Sovereign Immunity*

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll., 72 F.3d 615, 619 (8th Cir. 1995); Dover Elevator Co. v. Ark. State Univ., 64 F.3d 442, 446-47 (8th Cir. 1995)*. Any award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co., 64 F.3d at 444; Nevels v. Hanlon, 656 F.2d 372, 377-78 (8th Cir. 1981)*. Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only. *See, e.g., Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999)* (stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so

-4-

in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."). In addition, a claim against an individual, in her official capacity, is in reality a claim against the entity that employs the official. *See Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. . . . A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity. . . . Therefore, the appellants in this case will collectively be referred to as the City.") (quotations omitted). *Accord Eagle v. Morgan*, 88 F.3d 620, 629 n.5 (8th Cir. 1996) ("'[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'") (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, damage claims against individual state employees acting in their official capacities are also barred by the Eleventh Amendment. *Murphy v. State of Ark.*, 127 F.3d 750, 754 (8th Cir. 1997).

Here, plaintiff sues four individual state employees but does not specify the capacity in which she sues these individuals (Filing No. 1). Thus, the Court will assume that plaintiff sues defendants in their official capacities only. As set forth above, the Eleventh Amendment bars Plaintiff's claims

for monetary damages against employees of a state sued in their official capacities.  Consequently, plaintiff's claims for monetary damages against defendants must be dismissed.

    B.   *Eighth Amendment*

        Liberally construed, plaintiff alleges that defendants used excessive force in violation of the Eighth Amendment.  (*Id*.) "It is well established that a malicious and sadistic use of force by a prison official against a prisoner, done with the intent to injure and causing actual injury, is enough to establish a violation of the Eighth Amendment's cruel and unusual punishment clause." *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) (internal quotations omitted).  However, "'not . . . every malevolent touch by a prison guard gives rise to a federal cause of action,' a *de minimis* application of force will not give result in a constitutional violation." *Id*. (quoting *Hudson v. McMillan*, 503 U.S. 1, 9 (1992)); *see also Wilkins v. Gaddy*, 130 S. Ct. 1177-78 (2010) ("An inmate who complains of a push or shove that causes no discernable injury almost certainly fails to state a valid excessive force claim." (internal quotation marks omitted)).  Where the force applied is excessive, however, a constitutional claim may survive summary dismissal even if the resulting injury is *de minimis*. *Wilkins*, 130 S. Ct. at 1180.

Here, plaintiff alleges that defendants twisted his arm and used "chemical agents" on him without proper "authorization" or "observation." (Filing No. 1 at CM/ECF pp. 5-6, 38-39.) Plaintiff also alleges he sustained "moderate elbow damage" as a result of the use of force. (*Id*.) However, plaintiff does not allege that the use of force was malicious or sadistic, nor does he allege that it was done with the intent to injure. (*Id*.) Indeed, plaintiff alleges he was in a "conflict" with Baker and that he refused to remove his arm from the cell hatch. (*Id*.) *see also Thomas v. Northern*, 382 Fed. App'x 538, 2010 WL 2595163, at *1 (8th Cir. 2010) (concluding one-time use of pepper spray where inmate was refusing orders to stop behavior deemed to present a security risk did not violate the Eighth Amendment). In light of the facts alleged, the Court cannot reasonably infer that Defendants' actions amounted to a violation of his Eighth Amendment rights.

However, on the Court's own motion, plaintiff shall have 30 days to file an amended complaint that states an Eighth Amendment excessive force claim upon which relief may be granted. Plaintiff should be mindful to explain whether Defendants' use of force was malicious and sadistic, whether it was done with intent to cause injury, and whether his refusal to put his arm back in his cell did not warrant Defendants' use of force. If plaintiff

fails to file an amended complaint in accordance with this Memorandum and Order, his Eighth Amendment excessive force claim will be dismissed without prejudice and without further notice.

    C.   *State Law Claims*

Liberally construed, plaintiff may also have claims against Defendants for violations of state law.  Pending amendment of the complaint as set forth in this Memorandum and Order, the Court makes no finding regarding its jurisdiction over any potential state law claims.

**IV.  PENDING MOTIONS**

    A.   *Motion for Authorization*

Plaintiff has filed a motion for authorization, which the Court liberally construes as a motion for discovery (Filing No. 7).  In his motion, plaintiff asks the Court to "authorize him" to request discovery-related items from Defendants.  (*Id*.)  However, the Court has not yet permitted discovery in this matter.  Accordingly, plaintiff's motion for authorization, liberally construed as a motion for discovery, will be denied.

    B.   *Motion for Copies*

Plaintiff has filed a motion for copies (Filing No. 9). In the motion, plaintiff informs the Court that he would like to be present during court proceedings and that he would like copies of documents concerning his case.  (*Id*.)  However, plaintiff does

not have the right to receive copies of documents without payment, even if the Court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also* *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted).  If plaintiff requires copies of court documents, he should contact the clerk of the court to determine the proper method of requesting and paying for copies.  Moreover, no hearings have been scheduled in this matter, so plaintiff's request to be physically present will be denied without prejudice.  Accordingly,

     IT IS ORDERED:

     1.   Plaintiff's motion for authorization (Filing No. 7), liberally construed as a motion for discovery, and plaintiff's motion for copies (Filing No. 9) are denied.

     2.   Plaintiff shall have until **November 12, 2013,** to amend his complaint and clearly state a claim upon which relief may be granted in accordance with this Memorandum and Order.  If plaintiff fails to file an amended complaint, this matter will be dismissed without further notice.

3.  In the event that plaintiff files an amended complaint, plaintiff shall restate the allegations of the current Complaint (Filing No. 1), and any new allegations.  Failure to consolidate all claims into one document may result in the abandonment of claims.

4.  The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on November 12, 2013.

5.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  **Failure to do so may result in dismissal without further notice**.

DATED this 15th day of October, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

---

\* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.