IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEAUFORD WILMER WINTERS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3135 |
| | ) | |
| v. | ) | |
| | ) | |
| BAKER, Sgt. (of the Tecumseh State Correctional Institution), BALLUE, Cpl, SANFORD, Cpl., and HERREA, & Cpl. (of the Tecumseh Stat Correctional Institution), | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on plaintiff's Amended Complaint (Filing No. 13), Motion for Protection/Restraining Order (Filing No. 11), and Motion for Copies and Information (Filing No. 12).  The Court will address each filing in turn.

I.   **AMENDED COMPLAINT**

On October 15, 2013, the Court conducted an initial review of plaintiff's complaint and determined that it failed to state a claim upon which relief could be granted (Filing No. 10). However, the Court gave plaintiff until November 12, 2013, to file an amended complaint.  (*Id*. at CM/ECF p. 7.)  On October 25, 2013, plaintiff filed an amended complaint (Filing No. 13).

After reviewing plaintiff's amended complaint, and when liberally construed, plaintiff has alleged sufficient facts to

state a retaliation claim and an Eighth Amendment claim against Defendants in their official capacities for injunctive relief only.  See *Cooper v. Schriro*, 189 F.3d 781, 784 (8th Cir. 1999) (per curiam) (allegation that correction officers threatened inmate's safety because he used prison grievance system is actionable retaliation claim under § 1983).  Accordingly, the Court will permit plaintiff's retaliation and Eighth Amendment claims against Defendants in their official capacities, for injunctive relief, to proceed to service.  To the extent that plaintiff alleges state law claims, such claims may also proceed to service.  However, for the reasoning discussed in the Court's October 15, 2013, Memorandum and Order, plaintiff's constitutional claims for monetary damages will be dismissed (Filing No. 10 at CM/ECF pp. 5-6).

**II.   MOTION FOR PROTECTION/RESTRAINING ORDER**

Also pending is plaintiff's Motion for Protection/ Restraining Order (Filing No. 11).  In this motion, plaintiff alleges that Defendants are in a "supervisory position" over him and that he thinks they will retaliate against him for filing this case.  (*Id*.)  Liberally construed, plaintiff asks the Court to enter an order that prevents the named Defendants from interacting with plaintiff.  (*Id*.)  The standards set forth by *Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109 (8th Cir.

1981), apply to plaintiff's request.  In *Dataphase*, the Court, sitting *en banc*, clarified the factors district courts should consider when determining whether to grant a motion for preliminary injunctive relief:

> (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest.

*Id.* at 114.  "No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction."  *United Indus. Corp. v. Clorox Co.*, 140 F.3d 1175, 1179 (8th Cir. 1998).  "At base, the question is whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined . . . ."  *Dataphase*, 640 F.2d at 113.

After carefully considering the record, including plaintiff's motion, the Court finds that the *Dataphase* factors do not favor plaintiff to a degree sufficient to warrant issuance of preliminary injunctive relief.  Accordingly, plaintiff's Motion for Protection/Restraining Order will be denied without prejudice.

**III. MOTION FOR COPIES AND INFORMATION**

Last, plaintiff has filed a document that the Court liberally construes as a Motion for Copies and Information (Filing No. 12). In the motion, plaintiff asks the Court for information about this case and for copies of every document filed in this case. (*Id*.) However, plaintiff does not have the right to receive copies of documents without payment, even if the Court granted him leave to proceed in forma pauperis. 28 U.S.C. § 1915; *see also Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y. 1976) ("The generally recognized rule is that a court may not authorize the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action.") (citing *Tyler v. Lark*, 472 F.2d 1077 (8th Cir. 1973), other citations omitted). If plaintiff requires copies of court documents, he should contact the clerk of the court to determine the proper method of requesting and paying for copies. To the extent this Memorandum and Order addresses plaintiff's request for information, his motion will be granted. To the extent plaintiff seeks some other form of relief, his motion will be denied. Accordingly,

IT IS ORDERED:

1. Plaintiff's Motion for Protection/Restraining Order (Filing No. 11) is denied.

-4-

      2.   Plaintiff's Motion for Copies and Information (Filing No. 12) is granted in part and denied in part in accordance with this Memorandum and Order.

      3.   Plaintiff's constitutional claims for monetary damages against Defendants in their official capacities are dismissed with prejudice.

      4.   Plaintiff's retaliation and Eighth Amendment claims against Defendants in their official capacities, for injunctive relief, may proceed to service.  In addition, plaintiff's state law claims may proceed to service.

      5.   To obtain service of process on Defendants, plaintiff must complete and return the summons forms which the clerk of the court will provide.  The clerk of the court shall send FOUR (4) summons forms and FOUR (4) USM-285 forms (for service on Defendants in their official capacities only) to plaintiff together with a copy of this Memorandum and Order.  Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the clerk of the court.  In the absence of the forms, service of process cannot occur.

      6.   Upon receipt of the completed forms, the clerk of the court will sign the summons form, to be forwarded with a copy of the amended complaint to the U.S. Marshal for service of process.  The Marshal shall serve the summons and amended

complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The clerk of the court will copy the amended complaint, and plaintiff does not need to do so.

       7. Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order plaintiff is informed for the first time of these requirements, plaintiff is granted, on the Court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

       8. Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty-one (21) days after receipt of the summons to answer or otherwise respond to a complaint.

       9. The clerk of the court is directed to set a pro se case management deadline in this case with the following text: "**March 3, 2014:** Check for completion of service of summons."

       10. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court. Plaintiff shall keep the Court informed of his current address at all times

while this case is pending.  Failure to do so may result in dismissal.

        DATED this 5th day of November, 2013.

                                BY THE COURT:

                                /s/ Lyle E. Strom
                                _____
                                LYLE E. STROM, Senior Judge
                                United States District Court

---

    \* This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.