IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEAUFORD WILMER WINTERS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3135 |
| | ) | |
| v. | ) | |
| | ) | |
| BAKER, Sgt. (of the Tecumseh State Correctional Institution), BALLUE, Cpl, SANFORD, Cpl., and HERREA, & Cpl. (of the Tecumseh State Correctional Institution), | ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the motion (Filing No. 26) of the defendants to dismiss plaintiff's state tort claims. The defendants have filed an accompanying brief (Filing No. 26). The plaintiff, Beauford Winters ("Winters"), appears *pro se* and has failed to respond. Winters filed a § 1983 action which purports to open a Nebraska State Tort Claims Act action as well. The issue is whether the Court has jurisdiction to hear Winters's state law claims.

I.  **STANDARD OF REVIEW**

In deciding a motion to dismiss, the reviewing court views the facts in a way most favorable to the nonmoving party, and gives the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Knaub v. Knaub*, 245

Neb. 172, 512 N.W.2d 124 (1994).  If there is evidence in favor of the nonmoving party, the case may not be decided as a matter of law, and a motion to dismiss may not be granted.  *Id*.  Under *Haines v. Kerner*, pleadings prepared by inmates who lack access to counsel must be liberally construed.  404 U.S. 519 (1972).  A *pro se* plaintiff's allegations must be construed liberally.  *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002).  However, the pleadings must still contain sufficient facts upon which a claim can be based.  *See e.g., Brandon v. County of Richardson,* 252 Neb. 839, 566 N.W.2d 766 (1997).

**II.  DISCUSSION**

Where a plaintiff does not specify the capacity in which a defendant is sued, it is presumed that a defendant is sued in his official capacity only.  *See, e.g., Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999)(stating that "in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity.").  Here, plaintiff sues four individual state employees but does not specify the capacity in which he sues these individuals (Filing

No. 13, at 3-5).  Thus, the Court construes the suit as being against the defendants in their official capacities only.

Winters alleged the following violations of state or local law:  Excessive Force, Harassment, Assault, Violation of Civil Rights, Battery, and Violation of Inmate Rights.  Filing 13, at 4.  The defendants wish to dismiss the assault and battery claims pursuant to the Nebraska State Tort Claims Act ("the Act").  The Act applies to any tort claim or action against the state or a state employee:

> [N]o suit shall be maintained against. . . any employee of the state on any tort claim except to the extent, and only to the extent, provided by the State Tort Claims Act.

Neb. Rev. Stat. § 81-8,209.  The Act generally waives Nebraska's sovereign immunity from suit but specifically retains sovereign immunity against certain tort claims.  Neb. Rev. Stat. §§ 81-8,215; 81-8,219.  The Act exempts assault and battery claims from its general waiver, so employees of the state retain sovereign immunity from assault and battery claims.  Neb. Rev. Stat. § 81-8,219(4).  Therefore, Winters's assault and battery claims will be dismissed due to the sovereign immunity retained by Nebraska in the Act.  *See id.*

IT IS ORDERED that defendants' motion to dismiss plaintiff's assault and battery claims is granted.

DATED this 17th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court