IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEAUFORD WILMER WINTERS, | ) | |
| | ) | |
| Plaintiff, | ) | 4:13CV3135 |
| | ) | |
| v. | ) | |
| | ) | |
| BAKER, Sgt. (of the Tecumseh State Correctional Institution), BALLUE, Cpl, SANFORD, Cpl., and HERREA, & Cpl. (of the Tecumseh State Correctional Institution), | ) ) ) ) ) ) | MEMORANDUM OPINION |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on the motion of the defendants to dismiss plaintiff's official capacity claims (Filing No. 31). The plaintiff Beauford Winters ("Winters") appears pro se and has failed to respond. Defendants seek dismissal solely on the basis that service of process was insufficient.

I. STANDARD OF REVIEW

In deciding a motion to dismiss, the reviewing court views the facts in the light most favorable to the nonmoving party, and gives the nonmoving party the benefit of all reasonable inferences that can be drawn from the facts. *Knaub v. Knaub*, 245 Neb. 172, 512 N.W.2d 124 (1994). If there is evidence in favor of the nonmoving party, the case may not be decided as a

matter of law, and a motion to dismiss may not be granted. *Id*. Under *Haines v. Kerner*, pleadings prepared by inmates who lack access to counsel must be liberally construed. 404 U.S. 519 (1972). However, the pleadings must still contain sufficient facts upon which a claim can be based. *See, e.g.*, *Brandon v. County of Richardson*, 252 Neb. 839, 566 N.W.2d 766 (1997).

II. DISCUSSION

Defendants argue that plaintiff has failed to effect service of process by either of the options afforded under Federal Rule of Civil Procedure 4(j). Rule 4(j) provides for service by

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Plaintiff served the individual defendants at their place of employment. Service was not made with Michael Kenney, Director of the Nebraska Department of Correctional Services -- the chief executive officer of the governmental body by which the defendants were employed. Nor was service made at the Attorney General's Office in accordance with Nebraska law. The Eighth Circuit has not ruled on whether Rule 4(e) or Rule 4(j) is the

appropriate method of service for state employees being sued in their official capacity, but the Court will follow the cases from this district which have pursued analysis under 4(j).  *Montin v. Gibson*, 4:09CV3153, 2010 WL 2287572 (D. Neb. June 3, 2010); *Montin v. Estate of Johnson*, 4:07CV3271, 2008 WL 4225244 (D. Neb. Sept. 9, 2008).  *But see*, *Echevarria-Gonzalez v. Gonzalez-Chapel*, 849 F.2d 24, 28 (1st Cir. 1988) (requiring plaintiffs serving state employees in their official capacity to comply with Rule 4(e)).  Plaintiff has not complied with the service requirements of Rule 4.

As explained in the Court's previous order, plaintiff's complaint is construed to have sued the defendants in their official capacity only.  This leaves no further claims in this case.  *See Winters v. Baker*, 4:13CV3135, 2014 WL 3547923 (D. Neb. July 17, 2014).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 18th day of August, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court